UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-477-HRW

RICHIE A. HUMPHREY,                                                     PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on November 1, 2013, alleging disability beginning on August 14, 2012, due to depression, anxiety, acute stress, mood swings and trigeminal neuralgia (Tr. 269). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative video hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.[1]

---

[1] Plaintiff filed a prior application for disability benefits which was denied on June 25, 2012 (Tr. 107-125).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 47 years old at the time of the hearing decision. He has a high school education (Tr. 270). His past relevant work experience consists of work as a marketing specialist and substance abuse counseling center worker (Tr. 254).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from bipolar disorder, attention deficit disorder, polysubstance dependence in reported sustained remission and trigeminal neuralgia, which he found to be "severe" within the meaning of the Regulations (Tr. 13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 20) but determined that he has the residual functional capacity ("RFC") to perform a range of light level work with certain restrictions, to-wit:

> no exposure to industrial hazards. He further requires entry-level work with simple[,] repetitive procedures, only occasional changes in work routines, and no requirement for detailed or complex problem solving, independent planning, or the setting of goals. He should work in an object oriented, non-public environment with only occasional and casual contact with coworkers, supervisors, or the general public.

(Tr. 15-16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 12] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's main argument on appeal is that the ALJ failed to adopt the opinion of his treating psychiatrist, James McFerrin, M.D.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less

4

deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

At the outset, the Court notes that the ALJ correctly disregarded Dr. McFerrin's evaluations dated between March 2010 and May 2012 (Tr. 360-366), as these fall outside the date of Plaintiff's alleged onset of disability.

In April 2015, Dr. McFerrin said Plaintiff's condition, although marginally stable, had not improved to the point where he could live independently (Tr. 392). He said he remained at his parents' home for support purposes and could not sustain himself, even in part-time employment, due to his symptoms, which included medication side effects, lethargy, malaise, decreased concentration or focus, and overall retrogression of his past level of functioning (Tr. 392). In June 2015, Dr. McFerrin said Plaintiff fair abilities to follow work rules, relate to coworkers, interact with supervisors, function independently, and maintain attention and concentration, but poor to no ability to deal with the public, use judgment, deal with work stresses, and demonstrate reliability (Tr. 393). In August 2015, Dr. McFerrin said Plaintiff's impairments met the requirements of §§ 12.03, 12.04, and 12.06 of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (the Listings) (Tr. 411-15).

The ALJ explained that he gave little weight to Dr. McFerrin's April and August 2015 opinions as there was no cited medical evidence to lend support to these opinions. The ALJ noted that Dr. McFerrin appeared to e relying wholly on Plaintiff's subjective complaints, which are a far cry from objective findings. *See Tate v. Comm'r of Soc. Sec.*, 467 F. App'x 431, 433 (6th Cir. 2012) (unpublished) (affirming the ALJ's decision not to give controlling weight to an opinion that was based on subjective complaints as opposed to objective findings).

In addition, the ALJ found, Dr. McFerrin's April and August 2015 opinions were not consistent with his own generally upbeat treatment notes (Tr. 19). Indeed, in January 2013, Dr. McFerrin noted that Plaintiff's medications were working well without side effects (Tr. 388). Dr. McFerrin repeated this statement in February, April, July, and September 2013 (Tr. 384-87). In

December 2014, Dr. McFerrin noted that Plaintiff had been stable on Adderall (a stimulant) (Tr. 497). In February 2015, Dr. McFerrin said Plaintiff had no more depressive episodes and only mild difficulties with his family (Tr. 396). The following April, Dr. McFerrin noted that Plaintiff had overall stable moods and daily routines and no depressive symptoms (Tr. 395). In June 2015, Dr. McFerrin noted that Plaintiff tried to establish a daily routine with some stabilization of moods and stable depression (Tr. 394).

Further, Dr. McFerrin's opinion of dire limitation is at odds with the other medical opinions in the record. In 2014, Ed Ross, Ph.D., a state agency psychologist, reviewed the evidence and said Plaintiff could perform unskilled work consisting of simple tasks and instructions with occasional contact with the public and changes in the workplace (Tr. 132-44). The following month, Mary Thompson, Ph.D., a state agency psychologist, reviewed the evidence and agreed with Dr. Ross's opinion (Tr. 147-60). Sudhideb Mukherjee, M.D., a state agency physician, reviewed the evidence and said Plaintiff could perform sedentary work, but should avoid all exposure to hazards (machinery, heights, etc.) (Tr. 147-60).

Given the lack of supporting medical data and corroborating opinions, the Court finds no error in the ALJ's consideration of Dr. McFerrin's opinion.

As for Dr. McFerrin's opinion that Plaintiff's impairments met the requirements of §§ 12.03, 12.04, and 12.06 of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (the Listings), the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than

his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff also suggests that the ALJ should have given more weight to the statements of his mother and father-in-law. This argument lacks merit. The pertinent regulation provides:

> In considering evidence from "non-medical" sources *who have not seen the individual in a professional capacity*, in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.

SSR 06-03p.

Furthermore, the ALJ is not required to discuss every piece of evidence or data in his opinion as long as he considers all of the evidence and makes a "reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010)

In the decision, the ALJ stated that he considered "all the evidence," in the "entire record." (Tr. 11, 13). There is nothing to indicate that he disregarded the testimony of Plaintiff's family members. Moreover, the statements of Plaintiff's family do not change the ALJ's assessment of the medical evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 2nd day of January, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge